<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY
### CAMDEN VICINAGE

| | | |
|---|---|---|
| JAMAL M. HENRY, | : | |
| | : | Civ. No. 22-6637 (RMB) |
| Petitioner | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| ATLANTIC COUNTY JUSTICE FACILITY, | : | |
| | : | |
| Respondent | : | |

RENÉE MARIE BUMB, UNITED STATES DISTRICT JUDGE

     Petitioner Jamal M. Henry, a pretrial detainee in the Atlantic County Justice Facility ("ACJF") in Mays Landing, New Jersey, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, alleging that he was falsely arrested without probable cause on January 30, 2022, by the Atlantic City Police Department, and the Atlantic County Prosecutor's Office tampered with his criminal history report to prevent his release on bail. (Pet., Docket No. 1.) Petitioner filed an amended petition on January 17, 2023. (Am. Pet., Docket No. 3.) For relief, Petitioner seeks immediate release and money damages. Petitioner did not pay the $5 filing fee nor did he submit a properly completed application to proceed *in forma pauperis* under 28 U.S.C. § 1915(a). The Court may nonetheless screen the petition for dismissal. *See Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019) (quoting *Ford v. Johnson*, 362 F.3d 395, 399–400 (7th Cir. 2004) ("A prisoner's civil action may be dismissed ... before any fees have been paid, and thus before 'filing' occurs.")

This matter is now before the Court for screening pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." SECT 2254 Rule 4.

I.  DISCUSSION

Federal habeas corpus is primarily a post-conviction remedy for state prisoners. *Moore v. DeYoung*, 515 F.2d 437, 441–42 (3d Cir. 1975) (citations omitted). Although courts have "jurisdiction under 28 U.S.C. § 2241 to issue a writ of habeas corpus before a criminal judgment is entered against an individual in state court, [courts] should execute jurisdiction "sparingly" to prevent federal pretrial interference of "'the normal functioning of state criminal processes.'" *Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) (quoting *Moore*, 515 F.3d at 445–46). Unless a detainee presents extraordinary circumstances, district courts should not exercise pretrial habeas jurisdiction without the exhaustion of state court remedies. *Id.*

To exhaust state court remedies, a petitioner must "invoke[e] one complete round of the state's established appellate review process" before he can present his claim to the federal court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). In New

---

[1] The Rules Governing Section 2254 Cases in the United States District Courts are applicable to cases under 28 U.S.C. § 2241 pursuant to Rule 1(b), the scope of the Rules.

Jersey, one must "first presen[t] the claims to the state trial and appellate courts, and in a petition for review in the New Jersey Supreme Court." *Lincoln v. Owens*, No. 16-990(RMB), 2016 WL 884641, at *2 (D.N.J. Mar. 8, 2016) (citing *Johnson v. Pinchak*, 392 F.3d 551, 556 (3d Cir. 2004)).

Petitioner alleges that he was falsely arrested and deprived of bail by prosecutorial misconduct. State courts have the authority to address federal constitutional claims in criminal prosecutions. Thus, there is nothing extraordinary about Petitioner's claims that requires federal court interference in the state criminal process. Petitioner must exhaust his state court remedies before seeking habeas relief.

Insofar as Petitioner seeks money damages, a habeas corpus petition is not the proper vehicle for his claims. *See Leamer v. Fauver*, 288 F.3d 532, 540-41 (3d Cir. 2002) (describing difference between habeas and § 1983 remedies). Plaintiff may bring his constitutional claims for money damages against state actors, assuming they are not immune from suit, under 42 U.S.C. § 1983. This Court notes that Plaintiff has filed a related civil action in *Henry v. Reynolds et al.*, 22cv5802 (RMB-SAK) (D.N.J.) Thus, the Court need not open a new civil action for Plaintiff's § 1983 claims, any amendments to his civil claims for damages should be brought in that action.

II.  **CERTIFICATE OF APPEALABILITY**

A petitioner may not appeal from a final order denying relief from his state court detention unless he has "made a substantial showing of the denial of a

constitutional right." 28 U.S.C. § 2253(c)(1), (2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when ... jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Jurists of reason would not find it debatable that Petitioner must exhaust his state court remedies before seeking habeas relief in federal court for his federal constitutional claim(s). Therefore, a certificate of appealability is denied.

## III. CONCLUSION

In the accompanying Order filed herewith, the Court will dismiss the habeas petition without prejudice because Petitioner has not exhausted his constitutional claims in the states courts, and he has not presented extraordinary circumstances that would justify pretrial habeas relief.

**Dated:   January 24, 2023**

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**
