AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT
## for the

Jamal M. Henry
*Petitioner*

v.                                    Case No. _____
                                      *(Supplied by Clerk of Court)*

Atlantic County Justice Facility
*Respondent*
*(name of warden or authorized person having custody of petitioner)*

RECEIVED
FEB - 6 2023
AT 8:30
WILLIAM T. WALSH
CLERK

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1. (a) Your full name: Jamal Montá Henry
   (b) Other names you have used: Pooh
2. Place of confinement:
   (a) Name of institution: Atlantic County Justice Facility
   (b) Address: 5060 Atlantic Avenue, Mayslanding New Jersey 08330
   (c) Your identification number: 01-284189
3. Are you currently being held on orders by:
   ☐ Federal authorities    ☒ State authorities    ☐ Other - explain:

4. Are you currently:
   ☒ A pretrial detainee (waiting for trial on criminal charges)
   ☐ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
   If you are currently serving a sentence, provide:
      (a) Name and location of court that sentenced you: _____
      (b) Docket number of criminal case: 22-08-1240-D/0102 W-202200022
      (c) Date of sentencing: _____
   ☐ Being held on an immigration charge
   ☐ Other *(explain):* _____

Page 2 of 10

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Decision or Action You Are Challenging

5. What are you challenging in this petition:
   ☐ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)
   ☑ Pretrial detention
   ☐ Immigration detention
   ☐ Detainer
   ☐ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)
   ☐ Disciplinary proceedings
   ☐ Other (explain):

6. Provide more information about the decision or action you are challenging:
   (a) Name and location of the agency or court: Superior Court of New Jersey For Atlantic County New Jersey
   (b) Docket number, case number, or opinion number: 0102W-2022000223
   (c) Decision or action you are challenging (for disciplinary proceedings, specify the penalties imposed): Arrest, Detention, and Indictment of my person Jamal Henry on the Atlantic County Law Enforcement January 30, 2022, June 1, 2022, August 19, 2022
   (d) Date of the decision or action:

## Your Earlier Challenges of the Decision or Action

7. **First appeal**
   Did you appeal the decision, file a grievance, or seek an administrative remedy?
   ☑ Yes       ☐ No
   (a) If "Yes," provide:
      (1) Name of the authority, agency, or court: Superior Court of New Jersey For Atlantic County
      (2) Date of filing: August 30, 2022
      (3) Docket number, case number, or opinion number: 0102W-2022000223
      (4) Result: Black balled, hasn't been in Court Since Sept, 28, 2022
      (5) Date of result: Still No Action Applicable
      (6) Issues raised: False Arrest, False Imprisonment, Malfeasance, Malicious Prosecution by ACPO and ACPD violation of my Constitutional Rights.

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(b) If you answered "No," explain why you did not appeal: _____

8. **Second appeal**

After the first appeal, did you file a second appeal to a higher authority, agency, or court?
☑ Yes   ☐ No

(a) If "Yes," provide:
  (1) Name of the authority, agency, or court: Superior Court of New Jersey (Appellant Division)
  (2) Date of filing: December 3, 2022
  (3) Docket number, case number, or opinion number: 0102W-20220000223
  (4) Result: Refused to Intervene
  (5) Date of result: December 19, 2022, See attached Response
  (6) Issues raised: False Arrest, Detention, illegal indictment, Malicious Prosecution, prosecutorial Misconduct, Malfeasance Violation of my Constitutional Rights

(b) If you answered "No," explain why you did not file a second appeal: _____

9. **Third appeal**

After the second appeal, did you file a third appeal to a higher authority, agency, or court?
☑ Yes   ☐ No

(a) If "Yes," provide:
  (1) Name of the authority, agency, or court: State Supreme Court) Attorney ethics Committee / And (State Supreme Court Judiciary Ethics)
  (2) Date of filing: 11/21/2022 - 1/9/2023
  (3) Docket number, case number, or opinion number: 0102W-20220000223
  (4) Result: Refused to Correct the issues at hand
  (5) Date of result: December 7, 2022 - December 21, 2022
  (6) Issues raised: False arrest, Detention, malicious Prosecution, prosecutorial misconduct, malfeasance, Violation of my Constitutional Rights.

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(b) If you answered "No," explain why you did not file a third appeal: _____

10. **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

☐ Yes   ☒ No

If "Yes," answer the following:

(a) Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

☐ Yes   ☒ No

If "Yes," provide:
(1) Name of court: _____
(2) Case number: _____
(3) Date of filing: _____
(4) Result: _____
(5) Date of result: _____
(6) Issues raised: _____

(b) Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

☐ Yes   ☒ No

If "Yes," provide:
(1) Name of court: _____
(2) Case number: _____
(3) Date of filing: _____
(4) Result: _____
(5) Date of result: _____
(6) Issues raised: _____

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(c) Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence:

11. **Appeals of immigration proceedings**

Does this case concern immigration proceedings?

☐ Yes ☑ No

If "Yes," provide:

(a) Date you were taken into immigration custody:
(b) Date of the removal or reinstatement order:
(c) Did you file an appeal with the Board of Immigration Appeals?

☐ Yes ☑ No

If "Yes," provide:
(1) Date of filing:
(2) Case number:
(3) Result:
(4) Date of result:
(5) Issues raised:

(d) Did you appeal the decision to the United States Court of Appeals?

☐ Yes ☑ No

If "Yes," provide:
(1) Name of court:
(2) Date of filing:
(3) Case number:

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

    (4) Result:
    (5) Date of result:
    (6) Issues raised:

12. **Other appeals**

    Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

    ☑ Yes      ☐ No

    If "Yes," provide:
    (a) Kind of petition, motion, or application: _Legal letters Complaint_
    (b) Name of the authority, agency, or court: _Affidavits (Criminal) To the Attorney General of New Jersey - FBI_
    (c) Date of filing: _August 2022_
    (d) Docket number, case number, or opinion number: _0102W-2022000223_
    (e) Result: _No Response_
    (f) Date of result:
    (g) Issues raised: _1. Malfeasance, Prosecutorial misconduct, malicious prosecution, Violation of New Jersey Statutes, annotated 2C:28-6 and 2C:28-7._

**Grounds for Your Challenge in This Petition**

13. State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

    **GROUND ONE:** _False Arrest By Atlantic City Police Dept._

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:
On January 30, 2022 I was illegally Arrested while on duty as a Security Supervisor at New York Avenue Apartments at 233 N. New York Avenue, Atlantic City New Jersey due to an erroneous phone call made by Phylis Matthews who was stationed 3 hours away in Old Bridge New Jersey on the report that I was in possession of a Firearm → Cont.

(b) Did you present Ground One in all appeals that were available to you?
☒ Yes  ☐ No

GROUND TWO: ACPD Arrested me on January 30, 2022 However, Judge Henry Warner didn't Sign the Arrest Warrant until January 31, 2022, making that action illegal and against protocol, due to New Jersey Bail Reform

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:
New Jersey is a Bail Reform State, where there is only the opportunity of obtaining Liberty at the premise of a Judges Consent, after a Detention hearing has been held. There is No Monetary Redemption of Liberty to be obtained by defendants in the State of New Jersey. Therefor it is Unlawful, for a Law Enforcement officer to arrest an Individual without the Signature of a Judge.

(b) Did you present Ground Two in all appeals that were available to you?
☒ Yes  ☐ No

GROUND THREE: Malicious prosecution, Malfeasance, Prosecutorial Misconduct, Criminal acts of the Prosecutors violating N.J.S.A 2C:28-6 and 2C:28-7

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:
On my June 1, 2022 Detention hearing the prosecution Tampered with my Criminal history Report by Changing dates of past Court proceedings in my Juvenile history to make it seem like it was a Recent Adult Action. See PSA Report Attached to document packet See Cycle 1 Charge 3 Febuary 13, 1999 South Carolina on page 1 of 4 Then on page 3 of 4 they → Continuance

(b) Did you present Ground Three in all appeals that were available to you?
☒ Yes  ☐ No

Continuation of pg. 8 of 10 Supporting Facts To (Ground 1)

(A) However Never was I in the possession or ownership of a gun in my Life, There was never any Gun Found after the ACPD Conducted a Rigorous illegal Search of my entire 15 Story Apartment building inside and outside the premises, Without my Consent to Search Even though they never Found any Type of Weapon, However I was Still taken into Custody. Without Never being Marandized by ACPD.

Continuation of Pg. 8 of 10 Supporting Facts to (Ground 3)

(A) However on pg 3 of 4 of the The prosecution also Inplanted in the PSA Report that in Cycle 1 charge 3 Febuary 12, 2012 There's No Way that there's No Cycle 1 charge 3 that Could occur 2 Times in one persons lifetime in the Same Court System, Also on the Actual Criminal history Report it Clearly shows Cycle 1 Charge 3 Febuary 12, 1999 See attachments.

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR:** In New Jersey Statute, see State vs. Edmonds, Shariff, charges was overturned even thought Law enforce found a gun in his girlfriends home.

(a) Supporting facts *(Be brief. Do not cite cases or law.):*
In 2012 Shariff Edmonds was arrested and Convicted of possession of a firearm, agg asault, in a 911 Called placed by an anomimous 3RD party, on a report of a domestic violence allegation, however the gun that was Found was Suppressed therefor, making Conviction be reversed, and the Appellant Court Confirmed the reversal and affirmed the Suppression of the gun.

(b) Did you present Ground Four in all appeals that were available to you?
☐ Yes    ☒ No

14. If there are any grounds that you did not present in all appeals that were available to you, explain why you did not: State vs. Edmonds is newley discovered, however the Predicate of the Circumstance's mimmick my Injustice Yet baitim, however in my Situation No gun was never possessed or Found No presence of a gun at all

**Request for Relief**

15. State exactly what you want the court to do: To be Immediately Released From Detention, and to have Full prosecution as Provided by law in the Sanctioning for the Criminal and Ethical violations Committed by Atlantic City Police Dept, and Atlantic County Prosecutor's Office.

Continuation Pg. 9 OF 10 (Ground 4)
(A) Cont. There was now probable Cause to Continue or Iniatualy For Law Enforcement to have Searched the Residence after there was no evidence of any out of normal activity that Showed a hostile Enviorment thereFor the OFFicers was acting on hercsay and not Factual Statements, thereFor there was no probable need to Continue the erroneous Search that uncovered the handgun that was located under a chair in the Residence, However the gun had to be Suppressed. Resulting in a Reversal and exoneration OF mr Edmonds Conviction.

Pt 2. In my Situation on the other hand I never had a gun nor was there never any gun located on my assigned premises OF the New York Avenue apartment building and No gun was located In spite OF an unlawFul Search. I was arrested Without PRobable Cause and no Evidence to Support the alegation I was Assaulted in my Eye See Atlantic Care hospital Report.

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: 1/28/2023

*Signature of Petitioner*

*Signature of Attorney or other authorized person, if any*

NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | |
|---|---|
| JAMAL M. HENRY, | : |
| Petitioner | : Civ. No. 22-6637 (RMB) |
| v. | : **OPINION** |
| ATLANTIC COUNTY JUSTICE FACILITY, | : |
| Respondent | : |

RENÉE MARIE BUMB, UNITED STATES DISTRICT JUDGE

Petitioner Jamal M. Henry, a pretrial detainee in the Atlantic County Justice Facility ("ACJF") in Mays Landing, New Jersey, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, alleging that he was falsely arrested without probable cause on January 30, 2022, by the Atlantic City Police Department, and the Atlantic County Prosecutor's Office tampered with his criminal history report to prevent his release on bail. (Pet., Docket No. 1.) Petitioner filed an amended petition on January 17, 2023. (Am. Pet., Docket No. 3.) For relief, Petitioner seeks immediate release and money damages. Petitioner did not pay the $5 filing fee nor did he submit a properly completed application to proceed *in forma pauperis* under 28 U.S.C. § 1915(a). The Court may nonetheless screen the petition for dismissal. *See Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019) (quoting *Ford v. Johnson*, 362 F.3d 395, 399–400 (7th Cir. 2004) ("A prisoner's civil action may be dismissed ... before any fees have been paid, and thus before 'filing' occurs.")

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JAMAL M. HENRY, | |
| Petitioner, | Civ. No. 22-6637 (RMB) |
| v. | **ORDER** |
| ATLANTIC COUNTY JUSTICE FACILITY, | |
| Respondents. | |

For the reasons set forth in the accompanying Opinion,

**IT IS** on this **24th day of January 2023,**

**ORDERED** that the amended petition for writ of habeas corpus under 28 U.S.C. § 2241 is **DISMISSED without prejudice** (Docket No. 3) for lack of jurisdiction; and it is further

**ORDERED** that the Clerk shall close this matter; and it is further

**ORDERED** that the Clerk shall serve a copy of this Order and the accompanying Opinion on Petitioner by regular U.S. mail.

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**

This matter is now before the Court for screening pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." SECT 2254 Rule 4.

## I. DISCUSSION

Federal habeas corpus is primarily a post-conviction remedy for state prisoners. *Moore v. DeYoung*, 515 F.2d 437, 441–42 (3d Cir. 1975) (citations omitted). Although courts have "jurisdiction under 28 U.S.C. § 2241 to issue a writ of habeas corpus before a criminal judgment is entered against an individual in state court, [courts] should execute jurisdiction "sparingly" to prevent federal pretrial interference of "'the normal functioning of state criminal processes.'" *Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) (quoting *Moore*, 515 F.3d at 445–46). Unless a detainee presents extraordinary circumstances, district courts should not exercise pretrial habeas jurisdiction without the exhaustion of state court remedies. *Id.*

To exhaust state court remedies, a petitioner must "invoke[e] one complete round of the state's established appellate review process" before he can present his claim to the federal court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). In New

---

[1] The Rules Governing Section 2254 Cases in the United States District Courts are applicable to cases under 28 U.S.C. § 2241 pursuant to Rule 1(b), the scope of the Rules.

Jersey, one must "first presen[t] the claims to the state trial and appellate courts, and in a petition for review in the New Jersey Supreme Court." *Lincoln v. Owens*, No. 16-990(RMB), 2016 WL 884641, at *2 (D.N.J. Mar. 8, 2016) (citing *Johnson v. Pinchak*, 392 F.3d 551, 556 (3d Cir. 2004)).

Petitioner alleges that he was falsely arrested and deprived of bail by prosecutorial misconduct. State courts have the authority to address federal constitutional claims in criminal prosecutions. Thus, there is nothing extraordinary about Petitioner's claims that requires federal court interference in the state criminal process. Petitioner must exhaust his state court remedies before seeking habeas relief.

Insofar as Petitioner seeks money damages, a habeas corpus petition is not the proper vehicle for his claims. *See Leamer v. Fauver*, 288 F.3d 532, 540-41 (3d Cir. 2002) (describing difference between habeas and § 1983 remedies). Plaintiff may bring his constitutional claims for money damages against state actors, assuming they are not immune from suit, under 42 U.S.C. § 1983. This Court notes that Plaintiff has filed a related civil action in *Henry v. Reynolds et al.*, 22cv5802 (RMB-SAK) (D.N.J.) Thus, the Court need not open a new civil action for Plaintiff's § 1983 claims, any amendments to his civil claims for damages should be brought in that action.

## II. CERTIFICATE OF APPEALABILITY

A petitioner may not appeal from a final order denying relief from his state court detention unless he has "made a substantial showing of the denial of a

constitutional right." 28 U.S.C. § 2253(c)(1), (2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when ... jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Jurists of reason would not find it debatable that Petitioner must exhaust his state court remedies before seeking habeas relief in federal court for his federal constitutional claim(s). Therefore, a certificate of appealability is denied.

### III. CONCLUSION

In the accompanying Order filed herewith, the Court will dismiss the habeas petition without prejudice because Petitioner has not exhausted his constitutional claims in the states courts, and he has not presented extraordinary circumstances that would justify pretrial habeas relief.

Dated: **January 24, 2023**

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**
