<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | | |
|---|---|---|
| JAMAL M. HENRY, | : | |
| | : | Civ. No. 22-6637 (RMB) |
| Petitioner | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| ATLANTIC COUNTY JUSTICE | : | |
| FACILITY, | : | |
| | : | |
| Respondent | : | |

RENÉE MARIE BUMB, CHIEF UNITED STATES DISTRICT JUDGE

Petitioner Jamal M. Henry, a pretrial detainee in the Atlantic County Justice

Facility ("ACJF") in Mays Landing, New Jersey, previously filed a petition and an

amended petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he was

falsely arrested without probable cause on January 30, 2022, by the Atlantic City

Police Department, and maliciously prosecuted by the Atlantic County Prosecutor's

Office. (Pet., Docket No. 1; Am. Pet., Docket No. 3.) On January 24, 2023, this

Court dismissed the amended habeas petition without prejudice for failure to exhaust

state court remedies, (Opinion and Order, Docket Nos. 5, 6), and subsequently

amended the order to deny a certificate of appealability. (Order, Docket No. 7.)

This matter comes before the Court upon Petitioner's second amended petition

under 28 U.S.C. § 2241. (Second Am. Pet., Docket 9.)

## I.    DISCUSSION

Federal habeas corpus is primarily a post-conviction remedy for state

prisoners. *Moore v. DeYoung*, 515 F.2d 437, 441–42 (3d Cir. 1975) (citations omitted). Although courts have "jurisdiction under 28 U.S.C. § 2241 to issue a writ of habeas corpus before a criminal judgment is entered against an individual in state court, [courts] should execute jurisdiction "sparingly" to prevent federal pretrial interference of "'the normal functioning of state criminal processes.'" *Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) (quoting *Moore*, 515 F.3d at 445–46). Unless a detainee presents extraordinary circumstances, district courts should not exercise pretrial habeas jurisdiction without the exhaustion of state court remedies. *Id.*

To exhaust state court remedies, a petitioner must "invoke[e] one complete round of the state's established appellate review process" before he can present his claim to the federal court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). In New Jersey, one must "first presen[t] the claims to the state trial and appellate courts, and in a petition for review in the New Jersey Supreme Court." *Lincoln v. Owens*, No. 16-990(RMB), 2016 WL 884641, at *2 (D.N.J. Mar. 8, 2016) (citing *Johnson v. Pinchak*, 392 F.3d 551, 556 (3d Cir. 2004)).

In his second amended petition (Docket No. 9), Petitioner alleges four grounds for relief.   In ground one, he alleges that he was falsely arrested by the Atlantic County Police Department without probable cause on January 30, 2022. Petitioner alleges the police officers conducted an illegal search and did not uncover the gun he was accused of possessing.   In ground two of the second amended

petition, Petitioner alleges that although he was arrested on January 30, 2022, Judge Henry Warner did not sign the arrest warrant until the next day, invalidating his arrest.   In ground three, Petitioner alleges malicious prosecution and prosecutorial misconduct because the prosecutor allegedly tampered with his criminal history report before his detention hearing on June 1, 2022.   In ground four of the second amended petition, Petitioner cites to a factually similar case where the defendant's conviction was reversed.   For relief, Petitioner seeks immediate release from detention and disciplinary action against the Atlantic County police officers and prosecutors involved in his criminal proceedings.

Petitioner alleges that he has exhausted state court remedies by appealing his arrest, detention and the indictment, and that he has not received a response since August 2022.   (Second Am. Pet., ¶ 7.)   Petitioner subsequently filed an appeal with the Appellate Division on December 3, 2022.   (*Id.*, ¶ 8).   On December 19, 2022, the Appellate Division returned Plaintiff's Notice of Appeal unfiled and directed him to the Office of the Public Defender, Appellate Section for assistance in appealing a specific order or decision by the trial court.   (Ex., Docket No. 9-2 at 44.)

To exhaust state court remedies prior to bringing a habeas claim under 28 U.S.C. § 2254, a petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."   *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Petitioner has not done so, and there is nothing extraordinary about Petitioner's

claims that require federal court interference in the state criminal process.   *See, e.g.*, *Vargas v. New Jersey*, No. 09-1219JBS, 2009 WL 4796697, at *3 (D.N.J. Dec. 9, 2009) (finding no extraordinary circumstances existed where the petitioner alleged he was arrested without probable cause, subject to an illegal search, detained under a defective indictment, and that he had asserted his right to a speedy trial); *see also Jackson Bey v. Daniels*, No. CV 19-16374 (KM), 2019 WL 4749822, at *2 (D.N.J. Sept. 27, 2019) (declining to exercise pretrial habeas jurisdiction where it appeared the petitioner was "attempting to cut short normal state processes by obtaining an order [from a federal court] that would interfere with the ordinary course of a criminal prosecution [in the state courts].")   Therefore, this Court will dismiss the second amended petition without prejudice for failure to exhaust state court remedies.

## II.   CERTIFICATE OF APPEALABILITY

A petitioner may not appeal from a final order denying relief from his state court detention unless he has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1), (2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when ... jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473,

484 (2000). Jurists of reason would not find it debatable that Petitioner must exhaust his state court remedies before seeking habeas relief in federal court for his federal constitutional claim(s). Therefore, a certificate of appealability is denied.

## III.   CONCLUSION

In the accompanying Order filed herewith, the Court will dismiss the second amended habeas petition without prejudice because Petitioner has not exhausted his constitutional claims in the states courts, and he has not presented extraordinary circumstances that would justify pretrial habeas relief.

**Dated:**   <u>March 16, 2023</u>

<u>s/Renée Marie Bumb</u>
**RENÉE MARIE BUMB**
**United States District Judge**
