IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JAMAL M. HENRY,<br><br>Petitioner<br><br>v.<br><br>ATLANTIC COUNTY JUSTICE FACILITY,<br><br>Respondent | Civ. No. 22-6637 (RMB)<br><br>**OPINION** |

This matter comes before this Court upon Petitioner Jamal M. Henry's letter requesting a verbal argument (Dkt. No. 13), which this Court construes as a motion for reconsideration under Local Civil Rule 7.1(i). For the reasons that follow, this Court will deny Petitioner's motion for reconsideration.

By Opinion and Order dated March 16, 2023, this Court dismissed Petitioner's second amended habeas petition under 28 U.S.C. § 2241, where he challenged his pretrial custody in Atlantic County Jail based on allegations of false arrest and malicious prosecution. (Opinion and Order, Dkt. Nos. 10, 11.) This Court declined to exercise pretrial habeas jurisdiction because Petitioner had not exhausted state court remedies on his constitutional claims. (*Id.*) Petitioner disagrees with this Court's determination that his allegations of false arrest and malicious prosecution do not present the type of extraordinary circumstances that warrant federal court interference in the ordinary state court criminal process.

1

Local Civil Rule 7.1(i) provides:

> Unless otherwise provided by statute or rule (such as Fed. R. Civ. P. 50, 52 and 59), a motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge. A brief setting forth concisely the matter or controlling decisions which the party believes the Judge has overlooked shall be filed with the Notice of Motion.

Petitioner's motion for reconsideration is dated August 21, 2023, months after this Court dismissed this action in March 2023. Moreover, the motion is without merit. Where state court remedies exist, federal courts should not interfere in state criminal prosecutions. *See Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) (quoting *Moore v. DeYoung*, 515 F.2d 437, 445 (3d Cir. 1975) (affirming district court dismissal of pretrial habeas petition as an "attempt 'to litigate constitutional defenses prematurely in federal court[.]'" Petitioner has not presented a controlling decision to the contrary. Therefore, this Court will deny Petitioner's motion for reconsideration.

An appropriate Order follows.

s/Renée Marie Bumb<br>
**RENÉE MARIE BUMB**<br>
**Chief United States District Judge**